**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| UNION STEEL | ) | |
| Plaintiff, | ) | Court No. 10-00106 |
| v. | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of the Motion filed by Whirlpool Corporation to intervene as of right as plaintiff-intervenor in the above-captioned action, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that Whirlpool Corporation may participate in the above-captioned action as plaintiff-intervenor.

________________________________

Judge

Dated: ____________________, 2010

New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| UNION STEEL | ) | |
| | ) | |
| Plaintiff, | ) | Court No. 10-00106 |
| | ) | |
| v. | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO INTERVENE AS OF RIGHT**

Whirlpool Corporation hereby moves to intervene as of right as plaintiff-intervenor in the above captioned action pursuant to Rule 24(a) and (c) of the Rules of this Court. Counsel for plaintiff, Union Steel, Donald B. Cameron, Esq. of Troutman Sanders LLP consented to this motion. L. Misha Preheim of the U.S. Department of Justice, counsel for Defendant, also consented to this motion.

**BACKGROUND**

Plaintiff, Union Steel, commenced this action by filing both a summons and a complaint on March 23, 2010 pursuant to 19 U.S.C. § 1581(c) seeking review of the U.S. Department of Commerce's ("Commerce") final affirmative determination in its fifteenth antidumping administrative review covering certain corrosion-resistant carbon steel flat products ("CORE") from Korea. The challenged determination was published as *Certain Corrosion-Resistant Carbon Steel Flat Products from the Republic of Korea: Notice of Final Results of the Fifteenth Administrative Review*, 75 Fed. Reg. 13,490 (Dep't Commerce March 22, 2010) ("*Final*

*Results"*). Accordingly, this motion is timely pursuant to Rule 24 (a) as it is filed within 30 days after service of the complaint.

## ARGUMENT

### I. WHIRLPOOL CORPORATION HAS STANDING TO INTERVENE AS OF RIGHT UNDER 28 U.S.C. § 2631(J)(1)(B).

Pursuant to 28 U.S.C. § 2631(j)(1), "[a]ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that . . . (B) in a civil action under [19 U.S.C. § 1516a], only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right. . . ."

#### A. Whirlpool Corporation is an "Interested Party" Within the Meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3).

Pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii), "an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade. . . ." *Matsushita Elec. Indus. Co. v. United States*, 529 F. Supp. 664, 667 (Ct. Int'l Trade 1981). The term "interested party" includes a "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise…" 19 U.S.C. § 1677(9)(A).

Whirlpool Corporation is an importer of corrosion-resistant carbon steel that was manufactured by Pohang Iron and Steel Company, Ltd. ("POSCO") and Union Steel and purchased from LG Chem America, Inc. ("LG Chem"). Whirlpool Corporation is, therefore, an "interested party" within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3).

#### B. Whirlpool Corporation is a "Party to the Proceeding."

The term "party to the proceeding" is not defined in 19 U.S.C. § 1516a or elsewhere in the relevant statutory scheme. Commerce has, however, defined the term "party to the proceeding" in its own regulations as follows:

> "Party to the proceeding" means any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding. Participation in a prior segment of a proceeding will not confer on any interested party "party to the proceeding" status in a subsequent segment.

19 C.F.R. § 351.102. Thus, a "party to the proceeding" is a party who submitted factual information or legal argument in writing during any segment of the proceeding at issue.

According to the U.S. Court of Appeals for the Federal Circuit, "[t]he cases in the Court of International Trade have … indicated that the participation requirement, 'was intended to bar action by someone who did not take the opportunity to further its interest on the administrative level.'" *Laclede Steel Co. v. United States*, No. 96-1029, 1996 U.S. App. LEXIS 16167 at *2, *aff'g* 19 C.I.T. 1076 (1995).[1] In *Laclede*, the court went on to state that while the participation "need not be extensive, it must reasonably convey the separate status of a party," and be "meaningful enough 'to put Commerce on notice of a party's concerns.'" *Id*. (citing *Am. Grape Growers v. United States*, 9 CIT 103, 105, 604 F. Supp. 1245, 1249 (Ct. Int'l Trade 1985) and *Encon Indus., Inc. v. United States*, 18 CIT 867, 868 (Ct. Int'l Trade 1994)). Thus, in order to satisfy the participation requirement, a party must only participate to the extent that its actions will reasonably convey its separate status as a party and provide Commerce with notice as to the party's concerns. Accordingly, as set out in the precedent cited above, the test for determining whether a party is a "party to the proceeding" is a qualitative, not quantitative, review.

---

[1] Under Federal Circuit Rule 32.1, unpublished decisions of the Federal Circuit may still be cited as precedent as long as the decision is not issued bearing a legend specifically stating that the disposition may not be cited as precedent.

Whirlpool Corporation became a "party to the proceedings" in Commerce's fifteenth antidumping duty administrative review covering certain CORE products after it requested an administrative review of the antidumping order thereby notifying Commerce of its interests and, in part, prompting the initiation of the Fifteenth Review. Whirlpool also requested access to business proprietary information relevant to the pending administrative review.

In addition to submitting these initial requests, on October 8, 2009 Whirlpool filed comments requesting that Commerce consider revising the weighted-average margin calculation outlined in the preliminary findings to include the margin assigned to each mandatory respondent regardless of whether it is *de minimis*. Accordingly, Commerce had clearly been put on notice of the Company's concerns. Therefore, Whirlpool Corporation has standing to intervene as of right under 28 U.S.C. § 2631(j)(1)(B).

The facts relevant to the current motion to intervene are substantially identical to the facts at issue in *Union Steel vs. United States*, 33 CIT __, Slip-Op 09-47 (May 19, 2009). At issue in *Union Steel* were the final results of the fourteenth administrative review of the antidumping duty order on certain corrosion-resistant carbon steel flat products from the Republic of Korea (2006-2007). After Union Steel filed the initial complaint, Whirlpool Corporation filed a motion to intervene as a matter of right and sought a temporary restraining order and a preliminary injunction against liquidation of its entries subject to the review.

Similar to this case, Whirlpool Corporation participated at the administrative level by filing the following documentation with Commerce: (1) a request for an administrative review of the antidumping order on CORE from Korea; (2) a request for access to business proprietary information; and (3) a response to Commerce's request for additional information pertaining to the Company's "interested party" status. In contrast to this case, however, Whirlpool did not

submit substantive comments on Commerce's preliminary findings in the fourteenth administrative review.

After reviewing briefs from both parties, this Court concluded that Whirlpool Corporation participated in the administrative review proceeding to the extent necessary to qualify as a party to that proceeding and, therefore, qualified for intervention as a matter of right under 28 U.S.C. § 2631(j)(1)(B). In reaching its decision, the Court stated that with "Commerce itself having acknowledged implicitly Whirlpool's participation in the proceeding by responding to Whirlpool's submission containing factual information, it would be an odd result for the court now to hold that Whirlpool may not intervene." *Union Steel*, 33 CIT __, Slip-Op 09-47 at 9.

In this case, Whirlpool Corporation participated in the administrative review proceeding to the extent necessary to qualify as a party to that proceeding, and put Commerce on notice of its concerns. As a result of Whirlpool Corporation's initiation of, and continued participation in, the administrative review of certain entities, the entity that Whirlpool Corporation purchased CORE products from, LG Chem, received a separate weighted-average antidumping duty margin from Commerce. This weighted-average dumping margin was based, in part, on the antidumping duty margin assigned to Union Steel challenged herein. Therefore, Whirlpool Corporation has standing to intervene as of right under 28 U.S.C. § 2631(j)(1)(B).

For the reasons set-forth above, Whirlpool Corporation respectfully requests that its motion be granted.

Dated: 4/21/2010

/s/ William R. Rucker

William R. Rucker
Michelle L. Welsh

**Drinker Biddle & Reath, LLP**
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
tel: (312) 569-1157
Attorneys for Plaintiff-Intervenor

**CERTIFICATE OF SERVICE**

I, Michelle Welsh, hereby certify that, on April 21, 2009, the attached consent motion to intervene as of right and proposed order, as well as the notice of appearance and Forms 13 and 17 were served via first-class mail, postage prepaid, on the following parties:

L. Misha Preheim
**U.S. Department of Justice**
Commercial Litigation Branch - Civil Division
1100 L Street, NW.
Room 12112
Washington , DC 20530

Office of the Chief Counsel for Import Administration
**U.S. Department of Commerce**
14th Street & Pennsylvania Ave., NW
Washington, D.C. 20230

Jeffrey D.Gerrish, Esq.
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, NW
Washington, DC 20005

Timothy C. Brightbill, Esq.
**Wiley Rein LLP**
1776 K Street, NW
Washington, DC 20006

R. Alan Luberda, Esq.
**Kelley, Drye & Warren LLP**
3050 K Street, N.W.
Washington, DC 20007

J. David Park, Esq.
**Akin, Gump, Strauss Hauer & Feld LLP**
1333 New Hampshire Avenue, NW
Washington, DC 20036

Donald B. Cameron
**Troutman Sanders LLP**
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134

_/s/ Michelle Welsh 4/21/2010
Michelle Welsh