Slip Op. 10-54

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNION STEEL**,<br><br>Plaintiff,<br><br>and<br><br>**WHIRLPOOL CORPORATION**,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>**UNITED STATES**,<br><br>Defendant,<br><br>and<br><br>**UNITED STATES STEEL CORPORATION and NUCOR CORPORATION**,<br><br>Defendant-Intervenors. | Before: Timothy C. Stanceu, Judge<br><br>Court No. 10-00106 |

**OPINION**

[Holding that plaintiff-intervenor qualifies for an injunction to prevent the liquidation of certain entries during the pendency of this action, including all appeals]

Dated: May 13, 2010

*Troutman Sanders LLP* (*Donald B. Cameron*) for plaintiff.

*Drinker Biddle & Reath, LLP* (*William R. Rucker* and *Michelle L. Welsh*) for plaintiff-intervenor.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Daniel J. Calhoun*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Skadden Arps Slate Meagher & Flom, LLP* (*Jeffrey D. Gerrish*) for defendant-intervenor United States Steel Corporation.

*Wiley Rein, LLP* (*Timothy C. Brightbill*, *Lori E. Scheetz*, and *Alan H. Price*) for defendant-intervenor Nucor Corporation.

Stanceu, Judge: Plaintiff Union Steel brought this action under 19 U.S.C. § 1516a (2006) to contest a determination (the "Final Results") that the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") issued in the fifteenth administrative review of an antidumping duty order on imports of certain corrosion-resistant carbon steel flat products ("subject merchandise") from the Republic of Korea. Summons 1; *Certain Corrosion-Resistant Carbon Steel Flat Products from the Republic of Korea: Notice of Final Results of the Fifteenth Administrative Review*, 75 Fed. Reg. 13,490 (Mar. 22, 2010) ("*Final Results*"). The Final Results pertain to imports of the subject merchandise made during the period of August 1, 2007 through July 31, 2008 (the "period of review"). *Final Results*, 75 Fed. Reg. at 13,490. On April 21, 2010, Plaintiff-intervenor Whirlpool Corporation ("Whirlpool"), a U.S. importer of the subject merchandise, moved for a temporary restraining order and preliminary injunction to prevent the liquidation of its entries subject to the review. Mot. for Temporary Restraining Order & Prelim. Inj. ("Whirlpool Mot."). The court entered a temporary restraining order on April 23, 2010 that will expire on May 13, 2010. Temporary Restraining Order 1-2.

During a status conference held with the parties on April 26, 2010, defendant-intervenors United States Steel Corporation and Nucor Corporation informed the court that they do not oppose Whirlpool's motion for a preliminary injunction. *See* Order, Apr. 27, 2010. At the status conference, defendant United States, acknowledging that no relevant factual issues were in

dispute, waived its right to a hearing on Whirlpool's motion for a preliminary injunction and consented to the court's adjudicating Whirlpool's motion on the basis of the submissions filed by the parties. *See id.* Defendant filed an opposition to the motion on May 11, 2010, arguing that "[a]s an intervenor, Whirlpool may not expand the issues in this case beyond the complaint filed by Union Steel by requesting that its entries, which were not the subject of Union Steel's complaint, be enjoined." Def.'s Opp'n to Whirlpool Corp.'s Mot. for Prelim. Inj. 1 ("Def. Opp'n."). For the reasons stated herein, the court rejects defendant's argument. Whirlpool has established its right to an injunction to prevent the liquidation of its entries during the pendency of this action, including all appeals.

To prevail on a motion for preliminary injunctive relief, Whirlpool must demonstrate (1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the petitioner. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983) ("*Zenith*").

With respect to the irreparable injury factor, Whirlpool has demonstrated that irreparable injury is imminent if the court does not enjoin liquidation of Whirlpool's entries. *See* Whirlpool Mot. 3-4. A party whose entries have liquidated no longer may obtain relief in the form of a revised assessment rate on its entries. *See SKF USA, Inc. v. United States*, 512 F.3d 1326, 1328-29, 1332 (Fed. Cir. 2008) ("*SKF*"); *Zenith*, 710 F.2d at 810.

Whirlpool argues that, in granting Union Steel's motion to enjoin liquidation of certain entries subject to the administrative review, the Court of International Trade already has determined that plaintiff Union Steel had satisfied the likelihood of success requirement and that

"[t]he likelihood of Whirlpool Corporation's success is intrinsically tied to that of the Plaintiff." Whirlpool Mot. 6; Order, Mar. 24, 2010. Whirlpool argues, further, that the "important and difficult questions" that it and plaintiff are raising merit full consideration and are sufficient as a showing of likelihood of success on the merits for purposes of the injunction being sought. Whirlpool Mot. 5 (internal quotation marks and citation omitted). Based on a review of the complaint and other proceedings herein, including the proceedings in which the court granted Union Steel's motion for a preliminary injunction, the court agrees. Moreover, plaintiff and plaintiff-intervenor are pursuing in this action relief on two claims that are highly similar to claims plaintiff asserted in contesting the final results of the fourteenth administrative review; in that previous action the Court of International Trade granted Whirlpool's motion for a preliminary injunction against liquidation, concluding that Whirlpool had satisfied all four requirements for preliminary injunctive relief. *Union Steel v. United States*, 33 CIT __, __, 617 F. Supp. 2d 1373, 1380-83 (2009) ("*Union Steel*").

Concerning the question of whether the public interest would be served by the preliminary injunction being sought, the public interest is served by enjoining the liquidation of Whirlpool's entries so that the correct assessment rate may be applied to those entries upon the final judgment in this case. *See Smith-Corona Group v. United States*, 1 CIT 89, 98, 507 F. Supp. 1015, 1023 (1980) ("Generally, the public interest is best served by preventing entries subject to assessment of antidumping duties from escaping the correct amount of such duties.").

The balance of hardships also favors the injunction sought by Whirlpool. As Whirlpool argues, defendant, through actions by United States Customs and Border Protection ("Customs"), in the ordinary course collects deposits of estimated antidumping duties. Whirlpool Mot. 5.

**Court No. 10-00106**                                                                                               Page 5

Should the final rate determined after judicial review exceed the amounts collected, Customs will be entitled to collect the additional duties owed, with interest.  Defendant, therefore, will suffer no hardship from the grant of a preliminary injunction.  In the absence of such an injunction, Whirlpool potentially would suffer hardship from liquidation of its entries prior to the results of these judicial review proceedings.

Defendant opposes Whirlpool's motion on the ground that an injunction would "enlarge the issues in this case" and "'compel an alteration of the nature of the proceeding'" contrary to the holding in *Vinson v. Washington Gas Light Co.*, 321 U.S. 489 (1944) ("*Vinson*").  Def. Opp'n 2 (quoting *Vinson*, 321 U.S. at 498).  In so doing, defendant makes the same arguments that the court rejected when granting Whirlpool's motion for an injunction in *Union Steel*, 33 CIT at __, 617 F. Supp. 2d at 1380-83.  Although acknowledging this much, defendant states that it disagrees with that decision and with the decision to the same effect in *NSK Corp. v. United States*, 32 CIT __, 547 F. Supp. 2d 1312 (2008).  Def. Opp'n 3.  The court has considered each of defendant's arguments a second time and again concludes that they lack merit, for the same reasons the court discussed in *Union Steel*, 33 CIT at __, 617 F. Supp. 2d at 1380-83.

While it is unnecessary to reiterate those reasons in detail in this Opinion, it is worth emphasizing that the court's entry of an order enjoining liquidation of Whirlpool's entries would in no way enlarge the issues that the court will adjudicate in this case, or compel an alteration in the nature of the proceeding, in any way precluded by the holding in *Vinson*.  *Vinson* involved as petitioners two federal government agency heads, the Director of Economic Stabilization and the Administrator of the Office of Price Administration, who participated as intervenors in agency hearings conducted by the Public Utilities Commission of the District of Columbia (the

"Commission"), which hearings culminated in the Commission's approval of a rate increase for a public utility, the Washington Gas Light Company. *Vinson*, 321 U.S. at 491-95. The case arose in the context of federal wartime price control statutes containing provisions under which public utilities, although outside the scope of federal price regulation under those statutes, were prohibited from increasing their rates unless allowing agencies designated by the President to intervene in administrative proceedings by the federal, state, or local authorities with jurisdiction to consider such increases. *Id.* at 494-95. The court gave full effect to these provisions and to a local intervention rule of the Commission, under which

> [t]he granting of a petition to intervene shall not have the effect of changing or enlarging the issues in the proceeding, except where such change or enlargement is expressly requested in the petition and is expressly granted by the Commission after opportunity for hearing upon the question has been afforded all other parties.

*Id.* at 494 (internal quotation marks and citation omitted). The Supreme Court characterized this local rule as reasonable, stating that "one of the most usual procedural rules is that an intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Id.* at 498. The discussion of the local rule occurred in the context of rejecting the petitioners' arguments that Congress intended to prevent state and local regulatory authorities from permitting increases in utility rates that were not proven necessary to prevent hardship and that the petitioners, as intervenors, were not afforded a full and fair hearing before the Commission. *Id.* at 498-99.

The holding in *Vinson*, 321 U.S. 489, which arose from intervention before a regulatory commission that was made according to a local rule and affected by a particular statutory

**Court No. 10-00106**                                                                                                                   **Page 7**

scheme, does not require the court to deny Whirlpool's motion in the circumstances presented here. Regarding intervention in general, Whirlpool has not indicated that it intends to raise before the court any issues that are not raised in the complaint filed by plaintiff Union Steel. Nor would the injunction "compel an alteration of the nature of the proceeding" in the context in which the Supreme Court used that term in deciding *Vinson*. *See id.* at 498. To the contrary, enjoining liquidation will serve the purpose, contemplated by Congress in enacting 19 U.S.C. § 1516a(c)(2), of allowing in appropriate circumstances entries that were the subject of the administrative review and the Final Results to be liquidated according to the duty rate ultimately determined to be correct upon judicial review. In providing for intervention in cases brought under 19 U.S.C. § 1516a, Congress provided that

> [a]ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that–
> . . .
>     (B) in a civil action under [19 U.S.C. § 1516a], only *an interested party* who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right.

28 U.S.C. § 2631(j)(1) (2006) (emphasis added). In § 1516a(c)(2), Congress could have, but did not, preclude the grant of an injunction upon a proper showing made by a party who intervenes as of right according to 28 U.S.C. § 2631(j). Instead, Congress authorized the grant of injunctions against liquidation "upon a request by *an interested party* for such relief and a proper showing that the requested relief should be granted under the circumstances." 19 U.S.C. § 1516a(c)(2) (emphasis added). Defendant's construction in effect urges the court to deny to any intervenor of right in an action brought under § 1516a, who by statute necessarily qualifies as "an interested party" who is "adversely affected or aggrieved" by Commerce's final determinations, the remedy

Court No. 10-00106                                                                                          Page 8

Congress provided in § 1516a(c)(2).  19 U.S.C. § 1516a(c)(2); 28 U.S.C. § 2631(j)(1).  The plain language and purpose of the governing statutory provisions caution against any such construction.  It is beyond dispute that in all but limited situations, a private litigant in a proceeding brought under 19 U.S.C. § 1516a will lack any meaningful remedy upon judicial review absent an appropriate injunction against liquidation.  *See SKF*, 512 F.3d at 1328-29, 1332; *Zenith*, 710 F.2d at 810.  Therefore, adopting defendant's construction would diminish greatly, and in many instances extinguish altogether, the usefulness of the statutory procedure for intervention as of right in cases brought under 19 U.S.C. § 1516a.  The court cannot conclude that Congress, having provided the specific form of intervention of right that it did in 28 U.S.C. § 2631(j), could have intended such a result.

Defendant also argues that USCIT Rule 56.2(a) is contrary to Whirlpool's motion for injunctive relief.  Def. Opp'n 4-5.  USCIT Rule 56.2(a) was not intended to address, and does not resolve, the question defendant raises with respect to Whirlpool's motion.  *See Union Steel*, 33 CIT at __, 617 F. Supp. 2d at 1383.

### III. CONCLUSION

For the reasons that are presented above and discussed in further detail in *Union Steel*, 33 CIT at __, 617 F. Supp. 2d at 1380-83, the court concludes that Whirlpool has made a showing qualifying it to a grant of an injunction against liquidation according to the requirements of 19 U.S.C. § 1516a(c)(2).

/s/ Timothy C. Stanceu  
Timothy C. Stanceu  
Judge

Dated: May 13, 2010  
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNION STEEL,<br><br>　　　　　Plaintiff,<br><br>and<br><br>WHIRLPOOL CORPORATION,<br><br>　　　　　Plaintiff-Intervenor,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　Defendant,<br><br>and<br><br>UNITED STATES STEEL CORPORATION and NUCOR CORPORATION,<br><br>　　　　　Defendant-Intervenors. | Before: Timothy C. Stanceu, Judge<br><br>Court No. 10-00106 |

## ORDER OF PRELIMINARY INJUNCTION

Upon consideration of the motion of plaintiff-intervenor Whirlpool Corporation for a preliminary injunction, and all other papers and proceedings herein, and in accordance with the Opinion issued this day, it is hereby

**ORDERED** that plaintiff-intervenor's motion for preliminary injunction is GRANTED; it is further

**ORDERED** that defendant, United States, together with the delegates, officers, agents, and employees of the United States Department of Commerce and United States Customs and Border Protection, be, and hereby are, ENJOINED, immediately and throughout the pendency of this action, including any appeals, from causing or permitting liquidation of any unliquidated entries of corrosion-resistant carbon steel flat products from Korea: (i) that were exported by LG Chem., Ltd. and imported by Whirlpool Corporation, or its subsidiary Maytag Corporation; (ii) that were the subject of the determination in *Certain Corrosion-Resistant Carbon Steel Flat Products from the Republic of Korea: Notice of Final Results of the Fifteenth Administrative Review*, 75 Fed. Reg. 13,490 (Mar. 22, 2010); and (iii) that were entered during the period from

Court No. 10-00106                                                                 Page 2

August 1, 2007 through July 31, 2008; it is further

    **ORDERED** that plaintiff-intervenor, at the earliest practicable opportunity, shall serve copies of this Order by hand delivery upon the following individuals or their delegates:

    Ann Sebastian
    Director, APO Unit
    Import Administration
    Room 1870
    U.S. Department of Commerce
    14th Street and Constitution Avenue, N.W.
    Washington, D.C. 20230; and

    David V. Aguilar
    Acting Deputy Commissioner
    U.S. Customs and Border Protection
    Attn: Alfonso Robles, Esq., Chief Counsel
    Room 3305
    1300 Pennsylvania Avenue, N.W.
    Washington, D.C. 20229;

and it is further

    **ORDERED** that counsel for plaintiff-intervenor shall file with the Clerk of the Court proof of service of this Order on the parties listed above no later than three days after the date of this Order.

    /S/    Timothy C. Stanceu
              Judge

Dated: May 13, 2010
       New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                     Deputy Clerk